UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

SEAN SERPE,                                                               Case No. 12-75177-reg

                        Debtor.
-----------------------------------------------------------X
ROY MENTON,

                        Plaintiff,                            Adv. Pro. No. 12-8426-reg

    -against-

SEAN SERPE,

                        Defendant.
-----------------------------------------------------------X

## DECISION

Before the Court is an adversary proceeding commenced by the pro se plaintiff, Roy Menton ("Plaintiff"), against the pro se defendant/debtor, Sean Serpe ("Debtor"). Prior to filing bankruptcy, the Debtor, an attorney, represented the Plaintiff in connection with certain bankruptcy and debt restructuring matters.[1] The Debtor was sanctioned and fined in connection with his mishandling of the Plaintiff's bankruptcy filing in the Northern District of New York, see Memorandum Decision and Order, Case No. 10-31635, dated May 24, 2011 (Cangilos-Ruiz, J.), and the Plaintiff subsequently obtained a $25,000 judgment against the Debtor in Bronx County Civil Court.[2]

---

[1] Although at one time the Debtor held a license to practice law, it appears that at this time his license has been and remains suspended. He is representing himself pro se in these proceedings.

[2] The Court was provided with an abstract of the judgment, but not the underlying decision or pleadings supporting the judgment, except for an "Endorsed Complaint" which states that the state court action was for "failure to provide legal services." The nature of the judgment has not been raised as an issue in these proceedings and is not relevant, except to the extent that it does not appear that the Plaintiff made any allegations against the Debtor sounding in fraud.

The Debtor filed a chapter 7 petition in this Court on August 23, 2012. On November 19, 2012 the Plaintiff, pro se, filed the instant complaint. The complaint, as amended, does not cite to any particular section of the Bankruptcy Code, but it does request that the Debtor be "denied Chapter 7 protection . . .." The first and only cause of action also does not cite to a particular section of the Bankruptcy Code but suggests that the Debtor only filed bankruptcy to avoid paying the Plaintiff's $25,000 pre-petition judgment and that the Debtor is not "truly in need of bankruptcy protection." The amended complaint gives a brief background of the Debtor's flawed representation of the Plaintiff in connection with the Plaintiff's bankruptcy case in the Northern District of New York, and the sanctions issued against the Debtor in connection with that case. Among other things the amended complaint discusses: the fact that the Plaintiff obtained a money judgment against the Debtor; correspondence between the Plaintiff and the Debtor whereby the Debtor indicated that he would file bankruptcy to avoid paying the Plaintiff's judgment; certain allegations questioning the Debtor's father's status as a creditor in this case; and the Debtor's claim that he suffers from mental illness. In addition, the amended complaint requests that the Court direct the Debtor to provide copies of bank statements, cancelled checks, and copies of certified tax returns to verify the Debtor's father's income.

On the adversary proceeding cover sheet, the Plaintiff states that the cause of action alleged is an "Objection to Debtor's Chapter 7 filing." The Plaintiff asserts a demand for $25,111, the amount of his pre-petition judgment.

The Debtor filed an answer to the amended complaint on April 1, 2013.[3] In his answer, which the Court accepted although untimely, the Debtor asserts the following affirmative defenses: failure to state a claim upon which relief may be granted; failure to allege actual intent

---

[3] Prior to the Debtor's answer being filed, the Plaintiff moved for default judgment. In light of the answer and subsequent proceedings, the default motion is moot.

to hinder, delay or defraud or to plead fraud with particularity; and the equitable defense of unclean hands.

An initial pretrial order was entered on May 21, 2013, setting discovery and other deadlines, and on September 17, 2013, the Court issued a final pretrial order scheduling a trial for January 14, 2014. On January 10, 2014, the Plaintiff filed a pretrial memoranda indicating that he would not call any witnesses, and listing certain exhibits to be admitted at trial. The Plaintiff's memoranda also states that his case is "based on the defendant's failure to provide the proper and adequate services for which he was hired. Due to the defendant's failure, the plaintiff lost property and suffered financially." [Adv. Proc. Dkt#14]. On January 13, 2014, the Debtor filed a pretrial memoranda arguing that the amended complaint fails to state a cause of action for fraud, or a cause of action under either section 523 or 727. At best, the Debtor argues, the Plaintiff has a claim for malpractice.

The Plaintiff and the Debtor both appeared for trial, pro se, on January 14, 2014. At that time the Plaintiff's exhibits A through Q were admitted into evidence without objection. At the commencement of trial, the Plaintiff undertook to recite the facts surrounding the Debtor's pre-petition representation of the Plaintiff. The Court, however, expressed more fundamental concerns with the deficiencies of the Plaintiff's pleadings. The Debtor argued that the amended complaint fails to state a cause of action upon which relief can be granted and asked the Court to grant relief akin to a directed verdict in his favor.

The Court finds that the Plaintiff has failed to adequately articulate the relief he seeks in this proceeding, and thus has failed to satisfy even the most basic pleading standards of the Federal Rules of Civil and Bankruptcy Procedure, *see* Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008. Neither in his pleadings, nor during court proceedings, did the Plaintiff articulate the

claim for relief he is seeking against the Debtor. This alone supports the Debtor's argument that the Plaintiff has failed to articulate a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012. However, the Court is also mindful of the leeway that should be afforded to pro se litigants and the preference to adjudicate matters on the merits. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). For this reason, although the Court finds that dismissal under Rule 12(b)(6) would be fully warranted, *see* Fed. R. Civ. P. 12(h) (failure to state a claim upon which relief can be granted is a defense that can be raised at trial), the Court will address the evidence presented in light of all of the possible claims for relief that, in this Court's opinion, may apply. *See Hassett v. Far West Fed. Sav. & Loan Assn (In re O.P.M. Leasing Serv., Inc)*, 40 B.R. 380, 385 (Bankr. S.D.N.Y.) ("A court may examine a complaint to determine whether it justifies relief "under any legal theory.") (citing *Thompson v. Allstate Insurance Co., 476 F.2d 746, 749 (5th Cir.1973)*), *aff'd*, 44 B.R. 1023 (1984).

Under the most generous reading of the Plaintiff's pleadings, the facts alleged in the amended complaint might tend to support a claim to dismiss this bankruptcy case for "cause", or as an abusive filing, 11 U.S.C. §707(a) and (b), or an objection to discharge under 11 U.S.C. §727(a), or a claim of non-dischargeability under 11 U.S.C. §523(a).

The Plaintiff alleges that the Debtor filed bankruptcy solely to avoid paying the Plaintiff's judgment and suggests that this is an improper use of the bankruptcy system. Amended Complaint ¶10. The amended complaint also states: "The Debtor states in an email that he will file for bankruptcy because of my judgment which accounts for less than 6 percent of his liabilities. The Debtor's questionable behavior in the past with working with clients and the courts begs the question if he is truly in need of bankruptcy protection." Amended Complaint ¶16.

4

The Court will construe these allegations as having been made in support of a motion to dismiss the petition "for cause" under 11 U.S.C. §707(a), or as an abuse of the bankruptcy process under 11 U.S.C. § 707(b). Under section 707(a) "the court may dismiss a [chapter 7 case] only after notice and a hearing and only for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee." 11 U.S.C. §707(a). This list is not exhaustive, and "cause" must be examined on a case by case basis. *Dinova v. Harris (In re Dinova)*, 212 B.R 437, 442 (2d Cir. B.A.P. 1997).

Under section 707(b), . . . "the court, on its own motion or on a motion by . . . any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter." A party seeking dismissal under section 707(a) or (b) bears a burden of proving the elements of those sections by a preponderance of the evidence.

Under the facts presented in this case, the filing of the bankruptcy petition to avoid paying the Plaintiff's judgment does not constitute "cause" to dismiss the petition, nor does it constitute an "abuse" of the Bankruptcy Code. A fresh start, in the form of a discharge of pre-petition debts, for the "honest debtor" is the fundamental purpose of the Bankruptcy Code. The Plaintiff has not sustained his burden of proving that the Debtor engaged in any wrongful conduct which would lead this Court to find that he is not entitled to a fresh start. The threat of a

bankruptcy filing, absent aggravating facts, similarly does not support dismissal under section 707(b). Although the Plaintiff does appear to make the argument that the Debtor has the ability to pay his debts on a going forward basis, this argument is based upon the Plaintiff's belief that the Debtor will be able to continue in the practice of law. At last check, the status of the Debtor's law license is "suspended", and therefore he lacks the ability to earn income from the practice of law. In addition, the Debtor's means test calculations did not show sufficient monthly disposable income to give rise to a "presumption of abuse." *See* BK Dkt #8. Therefore, to the extent the Plaintiff seeks to dismiss this case under section 707(a) or (b), that relief is denied on the merits.

The Plaintiff also alleges facts the might support a claim for malpractice against the Debtor. The amended complaint explains that "the Debtor failed repeatedly to file timely and accurate filings, forms and other documents that the Bankruptcy Trustee and the United States District Court, Northern District of New York requested and required, [¶7], "the Debtor assured the Creditor that he was working on the case and that there was no time he mentioned ill health or ill mental health.[and] . . . the Debtor failed to communicate[] with the Creditor on important legal matters." Amended Complaint ¶7. Judge Cangilos-Ruiz, bankruptcy judge in the Northern District of New York, found that the Debtor had violated the New York Rules of Professional Conduct, imposed sanctions of $2,000, and referred the Debtor for disciplinary proceedings. Ultimately, the Plaintiff obtained a $25,000 judgment against the Debtor for damages that appear to be related to the Debtor's mishandling of the Plaintiff's case. The Debtor explains that a series of personal events leading to depression and substance abuse prevented him from properly representing the Plaintiff.

Any such malpractice claim, however, would be a pre-petition claim subject to discharge in this bankruptcy. Therefore, the Plaintiff must prove that some exception to discharge exists. Under the most liberal reading of the Plaintiff's pleadings, the Court will assume that the facts alleged are intended to support a request for relief under section 523(a)(2), (4) or (6) of the Bankruptcy Code – that the debt owed to the Plaintiff should be deemed non-dischargeable. The Plaintiff bears the burden of proving a claim under section 523(a) by a preponderance of the evidence. Even assuming that the allegations against the Debtor in this regard are true, the facts alleged by the Plaintiff do not support a non-dischargeability claim under any subsection of 523(a). The Plaintiff has alleged that the Debtor mishandled his bankruptcy case in the Northern District of New York, and related out of court restructuring efforts. He has not alleged nor do the facts show that the debt to Plaintiff arose from "false pretenses, a false representation, or actual fraud" by the Debtor, 11 U.S.C. §523(a)(2), all of which require some element of fraudulent intent. Nor do these facts establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Plaintiff has not alleged facts which would support a fraud finding; rather, the facts alleged might support a negligence finding, at most. In addition, the attorney client relationship, absent the creation of an express or technical trust, does not necessarily create a fiduciary relationship within the meaning of section 523(a)(4). *See Andy Warhold Foundation v. Hayes (In re Hayes)*, No. 96B44536(CB), 97 CIV 4240 (SHS), 1998 WL 108002 (S.D.N.Y. March 12, 1998). Therefore the amended complaint fails to allege and the Plaintiff has failed to establish a claim under section 523(a)(4).

Nor has the Plaintiff established that the Debtor caused "willful and malicious injury" to the Plaintiff. The facts as established by Judge Cangilos-Ruiz's order, dated May 24, 2011, show that the Debtor mishandled the Plaintiff's bankruptcy case and engaged in sanctionable

conduct that may have led, or contributed, to disciplinary proceedings against him. That, in and of itself, is not sufficient to establish "willful and malicious injury." *See Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (medical malpractice award did not fit within "willful and malicious" injury exception because section 523(a)(4) requires a deliberate and intentional *injury*, not just a deliberate and intentional act that leads to injury).

Seemingly further to a claim under section 727(a)(4), the amended complaint alleges that the Debtor's initial bankruptcy petition indicated liabilities of less than $100,000, but subsequently filed schedules show liabilities over $424,000, including a $225,000 debt owed to the Debtor's father. Amended Complaint ¶ 11. The amended complaint further alleges that at the section 341 meeting of creditors it was revealed that the Debtor is paying rent to his father, and his father is paying his legal fees. Amended Complaint ¶ 11. The amended complaint also questions the Debtor's failure to ascribe any value to his law license in his schedule of personal property, and states that ". . . [i]t is the Creditor's opinion that the Debtor could and would resume practicing law if granted bankruptcy protection." Amended Complaint ¶14. First, the Plaintiff has presented no evidence to prove that the amended schedules are not accurate as filed, nor has he presented any evidence to show that the debt scheduled to the Debtor's father was fabricated.[4] *See* 11 U.S.C. §727(a)(4). Second, the Plaintiff does not explain why it is objectionable that the Debtor pays rent to his father or that his father is paying his legal fees. Finally, if it is the Plaintiff's belief that the Debtor's disposable income should be higher than reported by the Debtor, thus forcing the Debtor into a chapter 13 repayment plan, the Court will note that the Debtor was suspended from the practice of law by Opinion of the Appellate Division, First Department, dated April 4, 2013, *In re Serpe*, 963 N.Y.S.2d 68 (N.Y. App. Div.

---

[4]    On November 7, 2012, the chapter 7 trustee filed a Report of No Distribution indicating that there are no assets to distribute in this case.

2013), and the Debtor remains suspended from the practice of law.  Further, the means test in this case did not result in any presumption of abuse.

**CONCLUSION**

The Court finds that as a threshold matter the Plaintiff has failed to state any claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and on that basis alone the amended complaint is subject to dismissal.  However, applying the most liberal pleading standard for pro se litigants, the Court analyzed the merits of the amended complaint under 11 U.S.C. §§ 523(a), 707(a) and (b), and 727(a), and finds that the Plaintiff has failed to establish a claim for relief under any of those sections.

Judgment in favor of the Debtor/Defendant dismissing the amended complaint on the merits will enter forthwith.  If the Plaintiff wishes to pursue discovery with respect to the Debtor's financial affairs pursuant to Fed. R. Bankr. P. 2004, he can file an appropriate application with the Court.

Dated:  Central Islip, New York
           April 29, 2014

                                            */s/ **Robert E. Grossman***
                                            Hon. Robert E. Grossman, U.S.B.J.